IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST et al., <br><br> Plaintiffs, <br><br> v. <br><br> KPS REBAR, LLC and STEVEN KINKELAAR, <br><br> Defendants. | Case No. 4:23-cv-00044-SRC |

**<u>Memorandum and Order</u>**

Over a year ago, Plaintiffs sued Defendants KPS Rebar, LLC and Steven Kinkelaar to recover delinquent fringe-benefit contributions.  Also over a year ago, the Clerk of Court entered default against Defendants, and the Plaintiffs moved for default judgment.  Pending Plaintiffs' proof of damages, the Court held Plaintiffs' default-judgment motion in abeyance.  Now, the Court evaluates Plaintiffs' proof and grants their motion.

**I.    Background**

In January 2023, Plaintiffs—the Local 103 labor organization and various fiduciaries—sued Defendants.  Docs. 1, 10.  After Plaintiffs served Defendants, docs. 12, 13, Defendants failed to appear.  So, upon Plaintiffs' motion, the Clerk of Court entered a Clerk's entry of default against Defendants.  Doc. 15.  Soon after, Plaintiffs moved for default judgment.  Doc. 16.

In July 2023, the Court found that Defendants' actions prevented Plaintiffs from proving damages and held Plaintiffs' default-judgment motion in abeyance as to counts 1, 2, and 3, and denied Plaintiffs' motion as to counts 4, 5, and 6.  Doc. 17.  Further, the Court ordered KPS

Rebar, by a determinate date, to submit to a payroll-compliance audit and provide monthly contribution reports. *Id.* at 9–10. After KPS Rebar failed to comply, Plaintiffs moved for the Court to issue an order requiring Steven Kinkelaar, in his capacity as sole manager of KPS Rebar, to show cause why the Court should not hold him in contempt. Doc. 22. The Court granted Plaintiffs' motion, ordering Defendants to show cause and to appear at a contempt hearing. Doc. 24. Defendants failed to appear at the contempt hearing. Doc. 25. Following the hearing, Plaintiffs filed a motion for contempt. Doc. 30. By February 2024, Defendants had still failed to comply with the July 2023 order, and thus, the Court found Defendants in contempt. Doc. 34.

A month later, the Court held a hearing to determine damages, and for the first time, Steven Kinkelaar appeared, along with his son, Phil Kinkelaar, who is neither an attorney nor a party to the case. Doc. 47. No counsel appeared for KPS Rebar. *See id.* Plaintiffs submitted various affidavits to prove their damages, including one from Brad Soderstrom, a payroll compliance manager. Docs. 43–46. At the hearing, the Kinkelaars contested Soderstrom's calculations. *See* doc. 49. Based on the information presented, the Court could not find that Plaintiffs had proven their damages. *Id.* Because of this, the Court scheduled an evidentiary hearing for a later date. *Id.*

Before the evidentiary hearing, Defendants, for the first time, submitted numerous documents to Plaintiffs to conduct a payroll-compliance audit; although, they failed to provide all requested documents. Doc. 51 at ¶ 2; doc. 58 at ¶¶ 10–11, 14. At the hearing, both Kinkelaars appeared, but no counsel appeared for either Steven Kinkelaar or KPS Rebar. Doc. 57. Plaintiffs objected to Phil Kinkelaar's participation, and the Court sustained the objection. *Id.*

2

To prove damages, Plaintiffs again submitted affidavits, including an updated affidavit from Soderstrom based on Defendants' recently submitted documentation. Doc. 58. Because Defendants failed to provide all the requested documents, Soderstrom relied on some assumptions in his damages calculations. *Id.* at ¶¶ 10–12, 14; *see also id.* at 11.[1] Some of those assumptions include that various work hours reported by Defendants as attributable to Locals *other than* Local 103—the Local bringing this suit—are actually attributable to Local 103. *Id.* at ¶¶ 12, 14. In other words, Soderstrom concluded, based on a lack of documentation from Defendants, that Defendants misreported hours worked. *See id.* at 11.

Specifically, he made assumptions regarding hours classified as pertaining to Local 22, Local 111, and Local 380. First, he included hours classified as pertaining to Local 22 and Local 111 in his Local 103 calculations because Defendants failed to provide (1) Local 22 and Local 111 contribution reports and (2) documentation allowing Soderstrom to verify the locations worked. *Id.* at ¶¶ 9–11. Second, Soderstrom included hours worked by Brandon Tuell that were classified as pertaining to Local 380 in his Local 103 calculations; the Local 380 contribution reports did not reflect all Tuell's hours, and Defendants failed to provide documentation allowing Soderstrom to verify the locations worked. *Id.* at ¶¶ 13–14.

At the hearing, Steven Kinkelaar again objected to Soderstrom's calculations. But he failed to provide any evidence refuting the calculations. He submitted no affidavits and no exhibits. In fact, at no point have Defendants ever submitted documents to the Court. Except for Steven Kinkelaar's appearances at the March 2024 and May 2024 hearings, docs. 47, 57, Defendants have failed to participate in this case.

---

[1] The Court cites to page numbers as assigned by CM/ECF.

For damages, Plaintiffs seek unpaid contributions, liquidated damages, and interest. The Trust Funds seek $29,565.10: (1) $23,229.23 in unpaid contributions; (2) $2,345.14 in liquidated damages; and (3) $3,990.73 in interest. Doc. 58 at ¶ 22. Local 103 and the Local 103 Funds, together, seek $7,693.02: (1) $6,341.48 in unpaid contributions; (2) $337.14 in liquidated damages; and (3) $1,014.40 in interest. *Id.* at ¶ 23. Further, the Trust Funds seek $31,842.68 in attorneys' fees and costs. Doc. 59. Altogether, Plaintiffs seek $69,100.80.

## II.     Standard

When a plaintiff's claim is not for a "sum certain or a sum that can be made certain by computation," the "court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b). With this, the plaintiff must provide actual proof of damages. *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). Further, the plaintiff must prove "actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001) (citation omitted). And while a party in default may not contest "the facts in the complaint that establish liability," he may contest "facts that relate to the amount of the plaintiff's damages." *Cutcliff v. Reuter*, 791 F.3d 875, 882–83 (8th Cir. 2015).

## III.    Discussion

ERISA explicitly requires, or permits in the Court's discretion, each type of relief that Plaintiffs request. *See* 29 U.S.C. § 1132(g). Typically, "[d]amages may be proven by a sworn affidavit and supporting documentation." *Constr. Indus. Laborers Pension Fund v. St. Charles Cnty. Piping, Inc.*, No. 4:19CV451 RLW, 2020 WL 1853333, at *1 (E.D. Mo. Apr. 13, 2020) (citing *SSM Managed Care Org., LLC v. Comprehensive Behavioral Care, Inc.*, No. 4:12-CV-2386 CAS, 2014 WL 1389581, at *2–4 (E.D. Mo. Apr. 9, 2014)); *see also PNC Bank, Nat'l*

4

*Ass'n v. Lindstrom & McKenney, Inc.*, No. 4:18-cv-01649-RWS, 2019 WL 4600657, at *2 (E.D. Mo. Sept. 23, 2019) (citing *St. Louis–Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16-CV-00929-AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016)).  Thus, to prove damages, Plaintiffs submitted multiple affidavits, including Soderstrom's affidavits. Docs. 43–46, 58.

"With respect to damages in an action for delinquent fringe benefit contributions," multiple district courts have held that "the findings of a plaintiff's accountant are deemed presumptively valid."  *Carpenter's Dist. Council of Greater St. Louis & Vicinity v. Auxier Drywall, LLC*, No. 4:12CV00105 AGF, 2012 WL 2680285, at *2 (E.D. Mo. July 6, 2012); *see also Painters Dist. Council No. 58 v. Architectural Painting Servs., Inc.*, No. 4:16 CV 41 RWS, 2017 WL 1246684, at *3 (E.D. Mo. Apr. 5, 2017) ("The findings of a payroll examination are presumptively valid." (first citing *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012); and then citing *Greater St. Louis Const. Laborers Welfare Fund v. H2K Const., LLC*, No. 4:09cv1306MLM, 2010 WL 2640192, at *1 (E.D. Mo. June 28, 2010)).  And when a defendant fails to produce evidence, courts will accept the accountant's findings—even when based on assumptions.  *Greater St. Louis Const. Laborers Welfare Fund v. Don Richardson Concrete Co.*, 775 F. Supp. 1249, 1254 (E.D. Mo. 1991) ("The testimony of [a defendant] on this issue, without any corroboration, is not sufficient for the Court to disregard the results of the audit on the basis of alleged inaccuracies."); *see also H2K Const.*, 2010 WL 2640192 at *1 ("The burden is on the employer to produce evidence countering the audit[.]" (quoting *Greater St. Louis Construction Laborers Fund v. Robert Eickmeier Masonry Contractors, Inc.*, Case No. 86–1534 C (2) (E.D. Mo. July 15, 1991))).

Here, the Court recognizes that Soderstrom's findings, on their face, raise questions. Soderstrom made assumptions regarding hours classified as pertaining to Local 22, Local 111, and Local 380, including these hours in his Local 103 calculations. Doc. 58 at ¶¶ 10–12, 14; *see also id.* at 11. These assumptions may be inaccurate. But Defendants fail to present any evidence refuting these assumptions.

The assumptions stem from Defendants' repeated failure to produce requested documentation. *See id.* at ¶¶ 10–14. When the Court, in July 2023, ordered KPS Rebar, by a determinate date, to submit to a payroll-compliance audit and provide monthly contribution reports, doc. 17 at 9–10, KPS Rebar failed to do so. When the Court, in October 2023, ordered Defendants to appear before the Court, doc. 24, Defendants failed to do so, doc. 25. When the Court, in December 2023, provided Defendants an opportunity to respond to Plaintiffs' motion for contempt, doc. 32, Defendants failed to respond, *see* doc. 34 at 2. And when the Court, in February 2024, found Defendants in contempt and gave them the opportunity to avoid sanctions by timely submitting to a payroll-compliance and providing monthly contribution reports, *id.* at 5, Defendants, again, failed to do so. Instead, Defendants waited until May 2024—nearly a year after the Court's original order—to submit documents to Plaintiffs for a payroll-compliance audit. Doc. 51 at ¶ 2. And still, they failed to produce all Plaintiffs' requested documents. *See* doc. 58 at ¶¶ 10–14. Thus, without the proper documents from Defendants, Soderstrom relied—in part—on assumptions in his calculations. *Id.* at ¶¶ 12, 14; *see also id.* at 11.

The Court rejects Steven Kinkelaar's latest objections to Soderstrom's calculations. While Steven Kinkelaar orally objected to the findings, he failed to present any evidence refuting them. *See Don Richardson Concrete*, 775 F. Supp. at 1254 ("The testimony of [a defendant] on this issue, without any corroboration, is not sufficient for the Court to disregard the results of the

6

audit on the basis of alleged inaccuracies."). Further, fault lies with Defendants for repeatedly failing to produce the requested documents despite having many opportunities to do so. "The Court will not permit defendant to reduce its liability by alluding to inaccuracies when the fault for the inaccuracies lies squarely in defendant's lap." *Id.* Overall, Defendants fail to overcome the presumption deeming Soderstrom's findings valid.

Based on Plaintiffs' affidavits and Defendants' failure to produce documents and failure to rebut Plaintiffs' evidence, the Court finds that Plaintiffs have proven their damages to a reasonable degree of certainty. Thus, the Court grants Plaintiffs' default-judgment motion. Doc. 16. Under ERISA, 29 U.S.C. § 1132(g)(2) and § 1145, and under the applicable collective-bargaining agreement, KPS Rebar owes to the Trust Funds $23,229.23 in unpaid contributions; $2,345.14 in liquidated damages; and $3,990.73 in interest. Doc. 58 at ¶ 22. Further, KPS Rebar owes Local 103 and the Local 103 Funds $6,341.48 in unpaid contributions; $337.14 in liquidated damages; and $1,014.40 in interest. *Id.* at ¶ 23.

KPS Rebar must also pay "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). Plaintiffs incurred $31,842.68 in attorneys' fees and costs. Doc. 59. Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorneys were reasonable and necessary to the litigation of this case; the rates charged were reasonable; and the amount sought for attorneys' fees is reasonable. *See Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984) ("Just what is a reasonable attorneys' fee is a matter peculiarly within the district court's discretion."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (explaining that a plaintiff bears the burden to prove that the requested attorneys' fees are reasonable). Accordingly, KPS Rebar owes Plaintiffs the total amount: $69,100.80.

**IV.     Contempt motion**

Previously, the Court found Defendants in contempt for failing to comply with the Court's July 2023 order.  Doc. 34.  To compel Defendants' compliance, the Court imposed a $200 fine for each day that Defendants continued to be in contempt of Court.  *Id.* at 5.  The sanction became effective on February 15, 2024.  *See id.* ("The effective date of this sanction will begin seven days after Plaintiffs serve Defendants with this Order . . . ."); *see also* doc. 36 (showing service occurred on February 8, 2024).  Based on the information before the Court, Defendants did not demonstrably attempt to comply until May 6, 2024.  Doc. 51 at ¶ 2.  And Defendants have presented no evidence to the contrary.  Although Defendants failed to provide all requested documents, *see* doc. 58 at ¶¶ 10–14, the Court credits their partial compliance.  *Cf. United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) ("[W]here the purpose is to make the defendant comply, . . . [the Court] must . . . consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.").  Thus, the Court fines the Defendants for 81 days of contempt; the Defendants must pay $16,200 into the Court's registry.

**V.      Conclusion**

Accordingly, the Court grants Plaintiffs' [16] Motion for Default Judgment.  The Court finds that KPS Rebar owes the Trust Funds the aggregate amount of $61,407.78:  (1) $23,229.23 in unpaid contributions; (2) $2,345.14 in liquidated damages; (3) $3,990.73 in interest; and (4) $31,842.68 in attorneys' fees and costs.  Further, the Court finds that KPS Rebar owes Local 103 and the Local 103 Funds the aggregate amount of $7,693.02:  (1) $6,341.48 in unpaid contributions; (2) $337.14 in liquidated damages; and (3)  $1,014.40 in interest.  Finally, the Court orders Defendants to pay, no later than August 24, 2024, $16,200 into the Court's registry;

8

however, any payments will first be applied to the amounts Defendants owe Plaintiffs. A separate Judgment accompanies this Memorandum and Order.

So ordered this 25th day of July 2024.

*/s/ Stephen R. Clark*
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE